**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILBERT COLEMAN**                                                      **PLAINTIFF**

**v.**                                                                              **No. 4:20CV126-DAS**

**TIMOTHY MORRIS, ET AL.**                                          **DEFENDANTS**


**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed.  A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist."  *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted).

The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]  For the reasons set forth below, defendants Timothy Morris and Marshall Turner will be dismissed with prejudice from this case because the plaintiff has sued them based solely upon their positions as supervisors.  The plaintiff's claims against the remaining defendants for failure to protect him from attack by other inmates will, however, proceed.

---

[1]28 U.S.C. § 1915(g).

## Allegations

While housed at the Mississippi State Penitentiary, Mr. Coleman shook his penis at a Vice Lord member; he also stuck his fingers in his anus in front of that Vice Lord member. These antics got him on the bad side of the Vice Lords, who threatened to harm him. He informed prison officials of these threats and requested a Red Tag (an order to keep him separate from those who might harm him) by having his mother call the prison, but prison officials refused. The plaintiff stated at his *Spears* hearing that he had "no idea" who he might "Red Tag" because he did not know their real names, only their nicknames.

After various threats from the Vice Lords and his repeated failed requests to be moved, he finally threw urine on a prison guard to let staff know that he was serious about being moved. He was then stripped of all property except his boxer shorts for security reasons. Later that day, inmates from another zone entered his zone threw hot water and toothpaste on him, causing burns. Prison rules prohibit inmates from moving across zones, but they were able to do so, nonetheless. Officer Smith could have stopped the attack, but did not. Mr. Coleman received medical attention the following morning. He was moved more than once, but the Vice Lords kept finding him, and prison officials eventually quit moving him. Once, he smeared feces all over himself to prevent staff from moving him.

The plaintiff's mother called Warden Siamon and told her about Mr. Coleman's request to move, but Ms. Siamon said, "I'm not going to move him." Captain Meeks ignored Mr. Coleman's request to be moved, as did Lt. Simmons. Corrections Officer Mathis would not let Coleman use the phone – and told inmates from other areas to stop entering the plaintiff's area, but the outside inmate ignored his orders. Corrections Officer Smith let inmates enter the zone the night of the attack. The plaintiff told K-9 Captain William about the threats, but she did nothing. Mr. Coleman also told Mr.

Thickpen, who took no action to protect him. Finally, Mr. Coleman asked Officer Menford to move him away from the inmates who threatened him, and Menford responded, "You're reaping what you sow."

*Supervisor Liability*

The plaintiff has sued defendants Timothy Morris and Marshall Turner solely in their capacities as supervisors. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that Timothy Morris or Marshall Turner had any personal involvement or were causally connected to the incident in any way. As such, the plaintiff's claims against these defendants will be dismissed for failure to state a constitutional question.

**Conclusion**

For the reasons set forth above, the plaintiff's claims against Timothy Morris and Marshall Turner will be dismissed for failure to state a constitutional question, as he has sued them based solely on their positions as supervisors. As such, these defendants will be dismissed from this case. The plaintiff's claims against the remaining defendants for failure to protect him from attack by other inmates will, however, proceed.

      **SO ORDERED**, this, the 16th day of July, 2021.

                            /s/ David A. Sanders
                            DAVID A. SANDERS
                            UNITED STATES MAGISTRATE JUDGE